**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The Estate of Alberto Ferreira, through its executor, Antonio Carlos Ferreira Lima,<br><br>Plaintiff,<br><br>v.<br><br>Pele Soccer-Times Square, LLC, a Florida Limited Liability Company; Pele Soccer-Miami, LLC, a Florida limited liability company; and Does 1-10,<br><br>Defendants. | Case No.: 1:26-cv-1972<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF DMCA 17 U.S.C. § 1202<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, the Estate of Alberto Ferreira ("Estate"), through its executor Antonio Carlos Ferreira Lima ("Lima"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, the Estate, appearing via its executor, Lima, is based in Brazil.

5. On information and belief, Plaintiff alleges that Defendant Pele Soccer-Times Square, LCC is a Florida limited liability company doing business in New York, including through its store at 1560 Broadway, New York, New York 10036.

6. On information and belief, Plaintiff alleges that Defendant Pele Soccer-Miami, LCC is a Florida limited liability company doing business in connection with Pele Soccer-Times Square, LLC (collectively, "Pele Soccer").

7. On information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said

Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. On information and belief, Plaintiff alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

9. Defendants, and each of them, have copied photography for which Plaintiff holds the copyrights, including, without limitation, that set forth herein.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

10. Plaintiff is the estate of internationally renowned photographer Alberto Ferreira ("Ferreira"), currently managed by his son, Lima. Ferriera was an acclaimed sports photographer and photojournalist based out of Brazil whose work has been exhibited at major museums and galleries around the world, and who has worked with such major brands as MasterCard.

11. In 1965, Ferriera created the iconic photograph of the famed soccer player Edson Arantes do Nascimento, known as Pelé, performing a mid-air bicycle kick during a soccer match ("Subject Photograph"), depicted below:

///

///

///

| Subject Photograph |
|---|
|  |

12. Ferriera created and first published the Subject Photograph in Brazil, and thus the Subject Photograph is not a United States Work as defined in the Copyright Act for purposes of the Berne Convention and is exempted from the registration requirements of the Copyright Act.

13. The Subject Photograph has repeatedly been displayed with accreditation and other identifying information identifying Mr. Ferriera as the author of the photograph, including as depicted below

///
///
///
///
///
///

| Subject Photograph with Copyright Management Information |
|---|

ALBERTO FERREIRA
Paraiba, 1932 - Rio de Janeiro, 2007

Considered by experts one of the world's best sports photographers, Brazilian Alberto Ferreira won several major awards during the 30 years he worked at Jornal do Brasil (25 years as the photography department editor). One of his most famous photographs, which earned him the Esso Prize of photography in 1963, records the exact moment when Pelé, during the match against Czechoslovakia, felt the injury that put him away for sure from Chile's World Cup in 1962.

He was present in the main photographic coverage events during the time he worked and thus, through his lens and his unique eye, documenting important moments in the history of both Brazil and the world. He built the largest and most complete authorial collection on the construction and inauguration of Brasilia. From 1958 until its inauguration on April 21st, 1960, Alberto Ferreira went several times to the city accompanying the Countess Pereira Carneiro, owner of the Jornal do Brazil at the time.





14. Ferriera passed away in 2007, leaving his photographic works and the intellectual property rights therein to his son, Lima, who now manages Ferriera's Estate and who contracts with other persons and entities for licenses regarding the Subject Photograph.

15. On information and belief, Plaintiff alleges that Pele Soccer is premium lifestyle brand and retailer selling sports memorabilia and merchandise throughout the United States and abroad.

16. On information and belief, Plaintiff alleges that Pele Soccer reproduced, publicly displayed, prepared derivative works of, and otherwise exploited the Subject Photograph including without limitation by selling a range of merchandise, including t shirts and other apparel ("Infringing Uses"). True and correct exemplars of the Infringing Uses are depicted below:

| Infringing Uses |
|---|
|  |





17. At no point did Pele Soccer ever receive authorization, consent, or a license from the Estate or Ferriera for the Infringing Uses.

18. On March 12, 2025, Plaintiff sent a letter to Pele Soccer notifying it that its usage of the Subject Photograph constituted infringement of Plaintiff's copyrights and demanding that Pele Soccer cease and desist from all such infringing uses. After receiving no response, Plaintiff contacted Pele Soccer again on June 12, 2025. Pele Soccer initially responded but the ceased, necessitating this action.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants, and Each)

19. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

20. Plaintiff alleges on information and belief that Pele Soccer accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Plaintiff's numerous exhibitions, features, or in Plaintiff's numerous online profiles. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

21. On information and belief, Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's copyrights in the Subject Photograph by, without limitation, copying, reproducing, publishing, and displaying the Subject Photograph in the Infringing Uses for commercial benefit to the public as set forth above, without Plaintiff's authorization or consent.

22. On information and belief, Plaintiff alleges that Pele Soccer infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

23. Due to Pele Soccer's acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to Pele Soccer' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such,

Plaintiff is entitled to disgorgement of Pele Soccer's profits directly and indirectly attributable to Pele Soccer' infringement of its rights in the Subject Photograph in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

25. The Estate repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. On information and belief, The Estate alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, directing, supervising, and profiting from the infringement of each other as related corporate entities under the "Pele Soccer" brand.

27. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, The Estate has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of The Estate's rights in the Subject Photograph. As such, The Estate is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph, in an amount to be established at trial.

29. On information and belief, The Estate alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

### (For Violations of 17 U.S.C. §1202 – Against all Defendants, and Each)

30. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31. Plaintiff's photography was routinely published with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. This CMI included accreditation information identifying Alberto Ferriera as the author of the Subject Photograph.

32. On information and belief, Plaintiff alleges that Pele Soccer intentionally removed or omitted Plaintiff's CMI in violation of 17 USC § 1202(b) before copying, reproducing, distributing, and displaying the Subject Photograph on Pele Soccer' ship.

33. On information and belief, Plaintiff alleges that Pele Soccer did distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of Plaintiff or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

34. On information and belief, Plaintiff alleges that Pele Soccer, in violation of 17 USC § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own logos and author names, bylines, and attribution to the Subject Photograph within the Infringing Uses.

35. On information and belief, Plaintiff alleges that Defendants, and each of them knew that they were providing false copyright management information to their copies of the Subject Photograph and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photograph.

36. Due to Pele Soccer' acts of infringement, as alleged herein, Plaintiff has suffered and will seek to recover general and special damages in an amount to be established at trial, and/or statutory damages and attorneys' fees as provided in 17 USC § 1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants, and Each and With Respect To Each Claim For Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights its photography, including without limitation the Subject Photograph, including through, without limitation, an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, Plaintiff's photography, including without limitation the Subject Photograph, from any print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded its costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above, to the extent they are available;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: March 10, 2026

By: */s/ David M.S. Jenkins*
Scott Alan Burroughs, Esq.
David Michael Stuart Jenkins, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
*Attorneys for Plaintiff*